**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RONDA PEURALLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| GAZEBO PARK APARTMENTS OF | ) | |
| ACWORTH, LLC, SMG PROPERTY | ) | |
| MANAGEMENT, INC., and | ) | _____ |
| M. VINCENT MURPHY, III, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff RONDA PEURALLA ("PLAINTIFF") hereby states claims for

relief arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA") for unpaid overtime compensation and arising under Georgia law

for breach of contract, quantum meruit, and assumpsit for earned but never-

paid non-overtime wages, on the grounds stated below.

### *Jurisdiction and Venue*

1.     The Court has subject-matter jurisdiction over this action (a)

pursuant to 28 U.S.C. § 1331 because PLAINTIFF's claim for unpaid

overtime compensation arises under the laws of the United States, and (b)

pursuant to 29 U.S.C. § 216(b) which allows actions arising under the FLSA

to be maintained in any federal court of competent jurisdiction.

2.     The Court has supplemental jurisdiction pursuant to 29 U.S.C. § 1367 over PLAINTIFF's state-law claims of breach of contract, quantum meruit, and assumpsit for promised, but-never-paid compensation for work performed, because these claims are so related to PLAINTIFF's FLSA claim within the Court's original jurisdiction that such state-law claims form part of the same case or controversy under U.S. Const. Art. III.

3.     Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

4.     PLAINTIFF is a resident of Cobb County, Georgia and a United States citizen.

5.     At all times relevant to this action, Defendant GAZEBO PARK APARTMENTS OF ACWORTH, LLC ("GAZEBO") was a Georgia limited liability company doing business in the Northern District of Georgia, Atlanta Division.

6.     At all times relevant to this action, Defendant SMG PROPERTY MANAGEMENT, INC. ("SMG") was a Florida corporation doing business in the Northern District of Georgia, Atlanta Division.

7. At all times relevant to this action, Defendant M. VINCENT MURPHY, III ("MURPHY"), was a resident of Gwinnett County, Georgia doing business in the Northern District of Georgia, Atlanta Division.

8. Defendant GAZEBO is subject to the personal jurisdiction of this Court.

9. Defendant SMG is subject to the personal jurisdiction of this Court.

10. Defendant MURPHY is subject to the personal jurisdiction of this Court.

11. Defendant GAZEBO can be served through its registered agent for service of process: Shawn M. Winterich, 533-D Johnson Ferry Road, Suite 450, Marietta, Georgia 30068.

12. Defendant SMG can be served through its registered agent for service of process: Jesse M. Tilden, 431 12th Street W, Suite 204, Bradenton, Florida 34205

13. Defendant MURPHY can be served at 1630 Glenhurst Way Snellville, Georgia 30078-6784

### ***Grounds for this Action***

14. At all times relevant to this action, Defendant GAZEBO owned and managed the Gazebo Park Apartments in Acworth, Georgia.

15.     At all times relevant to this action, Defendant SMG owned and managed apartment complexes in Georgia and other parts of the United States.

16.     At all times relevant to this action, PLAINTIFF was employed as leasing agent and FDIC program administrator at the Gazebo Park Apartments in Acworth, Georgia.

17.     At all times relevant to this action, PLAINTIFF's job responsibilities included, but were not limited to, leasing apartments, answering the telephone, answering questions of tenants, collecting rent from tenants, posting rent, sending collection notices to tenants, attending pool parties of tenants, attending the property after hours to address tenant emergencies, attending the property after hours when the alarm was activated, and qualifying tenants for the property's FDIC program.

18.     At all times relevant to this action, PLAINTIFF was paid at an hourly rate.

19.     At all times relevant to this action, PLAINTIFF's position was classified as a non-exempt employee for purposes of the FLSA.

20.     At all times relevant to this action, PLAINTIFF was covered by 29 U.S.C. § 207(a).

21.     From on or about July 2011 to on or about October 2014, PLAINTIFF was an employee of Defendant GAZEBO within the meaning of 29 U.S.C. § 203(e)(1).

22.     From on or about July 2011 to on or about October 2014, PLAINTIFF was an employee of Defendant SMG within the meaning of 29 U.S.C. § 203(e)(1).

23.     From on or about July 2011 to on or about October 2014, PLAINTIFF was an employee of Defendant MURPHY within the meaning of 29 U.S.C. § 203(e)(1).

24.     At all times during PLAINTIFF's employment, Defendant GAZEBO was PLAINTIFF's "employer" within the meaning of 29 U.S.C. § 203(d).

25.     At all times during PLAINTIFF's employment, Defendant SMG was PLAINTIFF's "employer" within the meaning of 29 U.S.C. § 203(d).

26.     At all times during PLAINTIFF's employment, Defendant MURPHY was PLAINTIFF's "employer" within the meaning of 29 U.S.C. § 203(d).

27.     During PLAINTIFF's employment, Defendant GAZEBO was not exempt from the overtime obligations for an "employer" under the FLSA.

28.     During PLAINTIFF's employment, Defendant SMG was not exempt from the overtime obligations for an "employer" under the FLSA.

29.     During PLAINTIFF's employment, Defendant MURPHY was not exempt from the overtime obligations for an "employer" under the FLSA.

30.     During each year of PLAINTIFF's employment, Defendant GAZEBO had an annual gross volume of sales made that was more than $500,000.

31.     During each year of PLAINTIFF's employment, Defendant SMG had an annual gross volume of sales made that was more than $500,000.

32.     During each year of PLAINTIFF's employment, Defendant GAZEBO had employees engaged in commerce within the meaning of the FLSA—who participated in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communications, including, but not limited to:

(a)     contacting employees in various states around the country regarding issues concerning properties under the management of DEFENDANTS GAZEBO and SMG;

(b)     providing information to employees in various states around the country regarding issues concerning properties under the management of DEFENDANTS GAZEBO and SMG by sending them memoranda and other

communications, as well as receiving information and other communications from such employees;

(c) sending and receiving money and funds from banks, lending institutions and individuals, such as monthly rent from renters residing on properties under the management of DEFENDANTS GAZEBO and SMG;

(d) sending and receiving money and funds constituting rent revenue from various properties under the management of DEFENDANTS GAZEBO and SMG; and

(e) soliciting, sending, receiving and paying for materials and services required by DEFENDANTS GAZEBO and SMG in order to conduct their business.

33. During each year of PLAINTIFF's employment, Defendant SMG had employees engaged in commerce within the meaning of the FLSA—who participated in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communications, including, but not limited to:

(a) contacting employees in various states around the country regarding issues concerning properties under the management of DEFENDANTS GAZEBO and SMG;

(b)    providing information to employees in various states around the country regarding issues concerning properties under the management of DEFENDANTS GAZEBO and SMG by sending them memoranda and other communications, as well as receiving information and other communications from such employees;

(c)    sending and receiving money and funds from banks, lending institutions and individuals, such as monthly rent from renters residing on properties under the management of DEFENDANTS GAZEBO and SMG;

(d)    sending and receiving money and funds constituting rent revenue from various properties under the management of DEFENDANTS GAZEBO and SMG; and

(e)    soliciting, sending, receiving and paying for materials and services required by DEFENDANTS GAZEBO and SMG in order to conduct their business.

34.    During each year of PLAINTIFF's employment, Defendant GAZEBO was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

35. During each year of PLAINTIFF's employment, Defendant SMG was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

36. At all times relevant to this action, Defendant GAZEBO controlled the job duties of PLAINTIFF, had the power to hire, fire, and modify the employment conditions of PLAINTIFF, and had the power to compensate and determine the benefits of PLAINTIFF and control PLAINTIFF's work schedule and work hours.

37. At all times relevant to this action, Defendant SMG controlled the job duties of PLAINTIFF, had the power to hire, fire, and modify the employment conditions of PLAINTIFF, and had the power to compensate and determine the benefits of PLAINTIFF and control PLAINTIFF's work schedule and work hours.

38. At all times relevant to this action, Defendant MURPHY controlled the job duties of PLAINTIFF, had the power to hire, fire, and modify the employment conditions of PLAINTIFF, and had the power to compensate and determine the benefits of PLAINTIFF and control PLAINTIFF's work schedule and work hours.

39. At all times relevant to this action, PLAINTIFF depended upon Defendant GAZEBO's business as PLAINTIFF's means of livelihood and performed work for no other employer.

40.     At all times relevant to this action, PLAINTIFF depended upon Defendant SMG's business as PLAINTIFF's means of livelihood and performed work for no other employer.

41.     At all times relevant to this action, PLAINTIFF depended upon Defendant MURPHY's business as PLAINTIFF's means of livelihood and performed work for no other employer.

42.     At all times relevant to this action, Defendant GAZEBO:

(a)     controlled or had the authority to control the number of individuals who could be hired into the positions that PLAINTIFF held;

(b)     hired or had the authority to hire PLAINTIFF, and terminated or had the authority to terminate PLAINTIFF;

(c)     determined and paid or had the authority to determine and provide the compensation and benefits of PLAINTIFF;

(d)     had the authority to determine whether PLAINTIFF could retain her job;

(e)     had the authority to determine whether PLAINTIFF could be disciplined for job-related actions;

(f)     supervised or had the authority to supervise the PLAINTIFF, determined or had the authority to determine the job duties, work schedule, and work hours of the

PLAINTIFF, and created, implemented and maintained, or had the authority to create, implement, and maintain, the employment policies, procedures, and practices to which the PLAINTIFF was required to follow; and

(g)    played a role in providing the equipment required by the PLAINTIFF to perform her job, and played a role in providing the premises in which PLAINTIFF performed her job.

43.    At all times relevant to this action, Defendant SMG:

(a)    controlled or had the authority to control the number of individuals who could be hired into the positions that PLAINTIFF held;

(b)    hired or had the authority to hire PLAINTIFF, and terminated or had the authority to terminate PLAINTIFF;

(c)    determined and paid or had the authority to determine and provide the compensation and benefits of PLAINTIFF;

(d)    had the authority to determine whether PLAINTIFF could retain her job;

(e)    had the authority to determine whether PLAINTIFF could be disciplined for job-related actions;

(f)   supervised or had the authority to supervise the PLAINTIFF, determined or had the authority to determine the job duties, work schedule and work hours of the PLAINTIFF, and created, implemented and maintained, or had the authority to create, implement, and maintain, the employment policies, procedures, and practices to which the PLAINTIFF was required to follow; and

(g)   played a role in providing the equipment required by the PLAINTIFF to perform her job, and played a role in providing the premises in which PLAINTIFF performed her job.

44.   At all times relevant to this action, as Defendant GAZEBO's employee, PLAINTIFF engaged in commerce within the meaning of the FLSA by participating in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communication.

45.   At all times relevant to this action, as Defendant SMG's employee, PLAINTIFF engaged in commerce within the meaning of the FLSA by participating in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their

work, such as the telephone, internet, and U.S. Mail, for interstate communication.

46.    At all times relevant to this action, as Defendant GAZEBO's employee, PLAINTIFF was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA.

47.    At all times relevant to this action, as Defendant SMG's employee, PLAINTIFF was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA.

48.    At various times during PLAINTIFF's employment as an assistant property manager at the Gazebo Park Apartments in Acworth, PLAINTIFF:

(a)    Worked in excess of 40 hours in a workweek;

(b)    Worked through lunch—but was instructed by DEFENDANTS and DEFENDANTS' management to falsify the relevant time sheet by stating that a full non-compensable "lunch hour" was taken on such days;

(c)    Worked through emergency calls received after scheduled hours—but was instructed by DEFENDANTS and DEFENDANTS' management to falsify the relevant time sheet by excluding the time spent working on such calls; and

(d) Worked on various Saturdays—but was instructed by DEFENDANTS and DEFENDANTS' management to falsify the relevant time sheet by excluding the time spent working on such Saturdays.

49. Throughout PLAINTIFF's employment, Defendant GAZEBO, Defendant SMG, and Defendant MURPHY (collectively, "DEFENDANTS") and the management of DEFENDANTS were aware of the extra hours PLAINTIFF worked each week, described above in Paragraph 48, because:

(a) DEFENDANTS and DEFENDANTS' manager(s) observed PLAINTIFF working in excess of 40 hours in a workweek;

(b) DEFENDANTS and DEFENDANTS' manager(s) told PLAINTIFF to understate the actual hours worked so DEFENDANTS could avoid paying overtime compensation;

(c) DEFENDANTS and DEFENDANTS' manager(s) were aware, and had constructive notice, that PLAINTIFF worked in excess of 40 hours in a workweek based on various documents that PLAINTIFF submitted to DEFENDANTS; and

(d) DEFENDANTS and DEFENDANTS' manager(s) were aware, and had constructive notice, that PLAINTIFF worked in excess of 40 hours in a workweek based on work

schedules, work assignments, and PLAINTIFF's work performance.

50.     PLAINTIFF was not paid all the overtime compensation properly due at the rate of 1.5 times PLAINTIFF's regular hourly rate for work performed in excess of 40 hours in a workweek.

51.     PLAINTIFF was not compensated for all hours worked in workweeks of 40 hours or less at PLAINTIFF's regular hourly rate.

### *CLAIM AGAINST THE DEFENDANTS*

### Count 1
### *29 U.S.C. § 207(a)*
### Unpaid Overtime Compensation
### (*Defendant Gazebo Park Apartments of Acworth, LLC*)

52.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

53.     By engaging in the conduct alleged above in Paragraphs 48-50, Defendant GAZEBO violated the FLSA with respect to PLAINTIFF by not paying all the overtime compensation properly due at the rate of 1.5 times PLAINTIFF's regular hourly rate for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

54.     By engaging in the conduct alleged above in Paragraphs 48-50, Defendant GAZEBO violated the FLSA willfully—*i.e.*, voluntarily,

deliberately, intentionally, and with reckless disregard—with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

55.     As a direct and proximate result of Defendant GAZEBO's conduct alleged above in Paragraphs 48-50, PLAINTIFF was not paid all the overtime compensation properly due, as required by the FLSA.

56.     Defendant GAZEBO's conduct giving rise to this action was not in good faith, not based on any reasonable grounds for believing such conduct did not violate the FLSA, and not based on any reasonable grounds for believing that failing to pay all the overtime compensation properly due PLAINTIFF did not violate the FLSA.

57.     As a direct and proximate result of Defendant GAZEBO's conduct alleged above in Paragraphs 48-50, PLAINTIFF is entitled to recover unpaid overtime compensation at the rate of 1.5 times PLAINTIFF's regular hourly rate, an additional equal amount as liquidated damages, in addition to reasonable attorney's fees and costs of this action, and post-judgment interest, all through the date of entry of a final non-appealable judgment, pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

58.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

59.     By engaging in the conduct alleged above in Paragraphs 48-50, Defendant SMG violated the FLSA with respect to PLAINTIFF by not paying all the overtime compensation properly due at the rate of 1.5 times PLAINTIFF's regular hourly rate for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

60.     By engaging in the conduct alleged above in Paragraphs 48-50, Defendant SMG violated the FLSA willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

61.     As a direct and proximate result of Defendant SMG's conduct alleged above in Paragraphs 48-50, PLAINTIFF was not paid all the overtime compensation properly due, as required by the FLSA.

62.     Defendant SMG's conduct giving rise to this action was not in good faith, not based on any reasonable grounds for believing such conduct did not violate the FLSA, and not based on any reasonable grounds for

believing that failing to pay all the overtime compensation properly due PLAINTIFF did not violate the FLSA.

63.     As a direct and proximate result of Defendant SMG's conduct alleged above in Paragraphs 48-50, PLAINTIFF is entitled to recover unpaid overtime compensation at the rate of 1.5 times PLAINTIFF's regular hourly rate, an additional equal amount as liquidated damages, in addition to reasonable attorney's fees and costs of this action, and post-judgment interest, all through the date of entry of a final non-appealable judgment, pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

## Count 3
### *29 U.S.C. § 207(a)*
### Unpaid Overtime Compensation
### (*Defendant M. Vincent Murphy, III*)

64.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

65.     By engaging in the conduct alleged above in Paragraphs 48-50, Defendant MURPHY violated the FLSA with respect to PLAINTIFF by not paying all the overtime compensation properly due at the rate of 1.5 times PLAINTIFF's regular hourly rate for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

66. By engaging in the conduct alleged above in Paragraphs 48-50, Defendant MURPHY violated the FLSA willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

67. As a direct and proximate result of Defendant MURPHY's conduct alleged above in Paragraphs 48-50, PLAINTIFF was not paid all the overtime compensation properly due, as required by the FLSA.

68. Defendant MURPHY's conduct giving rise to this action was not in good faith, not based on any reasonable grounds for believing such conduct did not violate the FLSA, and not based on any reasonable grounds for believing that failing to pay all the overtime compensation properly due PLAINTIFF did not violate the FLSA.

69. As a direct and proximate result of Defendant MURPHY's conduct alleged above in Paragraphs 48-50, PLAINTIFF is entitled to recover unpaid overtime compensation at the rate of 1.5 times PLAINTIFF's regular hourly rate, an additional equal amount as liquidated damages, in addition to reasonable attorney's fees and costs of this action, and post-judgment interest, all through the date of entry of a final non-appealable judgment, pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

## Count 4
### *Breach of Contract*
### Non-Overtime Wages
### (*Defendant Gazebo Park Apartments of Acworth, LLC*)

70.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

71.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant GAZEBO breached an express employment contract and promise with PLAINTIFF by failing to pay all non-overtime wages at the agreed regular rate of pay which PLAINTIFF was suppose to be paid in exchange for the services PLAINITFF performed for Defendant GAZEBO.

72.     As a direct and proximate result of Defendant GAZEBO's conduct alleged above in Paragraph 71, PLAINTIFF was not paid all non-overtime wages earned pursuant to the parties' contract.

73.     As a direct and proximate result of Defendant GAZEBO's conduct alleged above in Paragraph 71, PLAINTIFF is entitled to recover all non-overtime wages due pursuant to the parties' contract, plus pre- and post-judgment interest.

## Count 5
### *Breach of Contract*
### Non-Overtime Wages
### (*Defendant SMG Property Management, Inc.*)

74.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

75.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant SMG breached an express employment contract and promise with PLAINTIFF by failing to pay all non-overtime wages at the agreed regular rate of pay which PLAINTIFF was suppose to be paid in exchange for the services PLAINITFF performed for Defendant SMG.

76.     As a direct and proximate result of Defendant SMG's conduct alleged above in Paragraph 75, PLAINTIFF was not paid all non-overtime wages earned pursuant to the parties' contract.

77.     As a direct and proximate result of Defendant SMG's conduct alleged above in Paragraphs 75, PLAINTIFF is entitled to recover all non-overtime wages due pursuant to the parties' contract, plus pre- and post-judgment interest.

## Count 6
### *Breach of Contract*
### Non-Overtime Wages
### (*Defendant M. Vincent Murphy, III*)

78.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

79.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant MURPHY breached an express employment contract and promise with PLAINTIFF by failing to pay all non-overtime wages at the agreed regular rate of pay which PLAINTIFF was suppose to be paid in exchange for the services PLAINITFF performed for Defendant MURPHY.

80.     As a direct and proximate result of Defendant MURPHY's conduct alleged above in Paragraph 79, PLAINTIFF was not paid all non-overtime wages earned pursuant to the parties' contract.

81.     As a direct and proximate result of Defendant MURPHY's conduct alleged above in Paragraphs 75, PLAINTIFF is entitled to recover all non-overtime wages due pursuant to the parties' contract, plus pre- and post-judgment interest.

### Count 7
### *Quantum Meruit - Assumpsit*
### Uncompensated Non-Overtime Work
### (*Defendant Gazebo Park Apartments of Acworth, LLC*)

82.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

83.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant GAZEBO received the performance of valuable

services from PLAINTIFF, which Defendant GAZEBO requested and accepted and promised to pay for at an agreed hourly rate.

84.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant GAZEBO's failure to compensate PLAINTIFF, who expected compensation at such time services were rendered, would be unjust.

85.     As a direct and proximate result of Defendant GAZEBO's conduct alleged above in Paragraphs 83-84, PLAINTIFF is entitled to recover the value of her services for all non-overtime hours worked at her regular rate of pay, plus pre- and post-judgment interest.

### Count 8
### *Quantum Meruit - Assumpsit*
### Uncompensated Non-Overtime Work
### (*Defendant SMG Property Management, Inc.*)

86.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

87.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant SMG received the performance of valuable services from PLAINTIFF, which Defendant SMG requested and accepted and promised to pay for at an agreed hourly rate.

88.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant SMG's failure to compensate PLAINTIFF, who expected compensation at such time services were rendered, would be unjust.

89.     As a direct and proximate result of Defendant SMG's conduct alleged above in Paragraphs 87-88, PLAINTIFF is entitled to recover the value of her services for all non-overtime hours worked at her regular rate of pay, plus pre- and post-judgment interest.

## Count 9
### *Quantum Meruit - Assumpsit*
### Uncompensated Non-Overtime Work
### (*Defendant M. Vincent Murphy, III*)

90.     PLAINTIFF re-alleges and adopts Paragraphs 1-51 above and incorporates them by reference herein.

91.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant MURPHY received the performance of valuable services from PLAINTIFF, which Defendant MURPHY requested and accepted and promised to pay for at an agreed hourly rate.

92.     By engaging in the conduct alleged above in Paragraph 48(b-d) and Paragraph 51, Defendant MURPHY's failure to compensate PLAINTIFF, who expected compensation at such time services were rendered, would be unjust.

93. As a direct and proximate result of Defendant MURPHY's conduct alleged above in Paragraphs 91-92, PLAINTIFF is entitled to recover the value of her services for all non-overtime hours worked at her regular rate of pay, plus pre- and post-judgment interest.

### Count 10
**O.C.G.A. § 13-6-11**
*Litigation Expenses*
***(Defendant Gazebo Park Apartments of Acworth, LLC)***

94. PLAINTIFF re-alleges and adopts Paragraphs 1-51 and 70-93 above and incorporates them by reference herein.

95. By engaging in the conduct alleged above in Paragraphs 70-93, Defendant GAZEBO acted in bad faith, has been stubbornly litigious, and has caused PLAINTIFF unnecessary trouble and expense.

96. As a result of such conduct by Defendant GAZEBO, PLAINTIFF is entitled to litigation expenses, including attorney's fees and costs related to this litigation, pursuant to O.C.G.A. § 13-6-11.

### Count 11
**O.C.G.A. § 13-6-11**
*Litigation Expenses*
***(Defendant SMG Property Management, Inc.)***

97. PLAINTIFF re-alleges and adopts Paragraphs 1-51 and 70-93 above and incorporates them by reference herein.

98.     By engaging in the conduct alleged above in Paragraphs 70-93, Defendant SMG acted in bad faith, has been stubbornly litigious, and has caused PLAINTIFF unnecessary trouble and expense.

99.     As a result of such conduct by Defendant SMG, PLAINTIFF is entitled to litigation expenses, including attorney's fees and costs related to this litigation, pursuant to O.C.G.A. § 13-6-11.

### Count 12
### O.C.G.A. § 13-6-11
### *Litigation Expenses*
### (*Defendant M. Vincent Murphy, III*)

100.    PLAINTIFF re-alleges and adopts Paragraphs 1-51 and 70-93 above and incorporates them by reference herein.

101.    By engaging in the conduct alleged above in Paragraphs 70-93, Defendant MURPHY acted in bad faith, has been stubbornly litigious, and has caused PLAINTIFF unnecessary trouble and expense.

102.    As a result of such conduct by Defendant MURPHY, PLAINTIFF is entitled to litigation expenses, including attorney's fees and costs related to this litigation, pursuant to O.C.G.A. § 13-6-11.

## *PRAYER FOR RELIEF*

WHEREFORE, plaintiff RONDA PEURALLA respectfully prays that this Court enter judgment in her and against DEFENDANTS for:

A. All amounts of unpaid overtime compensation that PLAINTIFF would have received but for DEFENDANTS' unlawful conduct, pursuant to 29 U.S.C. § 216(b).

B. An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

C. All lost compensation that PLAINTIFF would have received but for DEFENDANTS' unlawful conduct under Georgia law.

D. All expenses of litigation and all reasonable attorney's fees and costs of the action through entry of judgment, including all reasonable attorney's fees and costs for:

(1) The time spent plus costs reasonably incurred throughout this action relating to PLAINTIFF's claims under the FLSA and Georgia law;

(2) The time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to PLAINTIFF's claims under the FLSA and Georgia law, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3) The time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P.

54-58, pursuant to and as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), and

        (4)    The time spent explaining to PLAINITFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

        E.    Pre- and post-judgment interest on all amounts awarded, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of PLAINTIFF's claims under the FLSA and Georgia law, as authorized by law.

        F.    All such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

**s/ *Marc Garber***

MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

***Attorneys for the Plaintiff***