## RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT AGREEMENT (hereinafter the "Agreement") is made and entered into as of the 30th day of November 2017, by and between Ronda Peurala (hereinafter "Peurala") and Gazebo Park Apartments of Acworth, LLC ("Gazebo") and M. Vincent Murphy, III ("Murphy") (collectively referred to as "the "Gazebo Defendants").

## W I T N E S S E T H:

WHEREAS, there exists a dispute between Peurala and the Gazebo Defendants arising out of or generally relating to Peurala's employment; and

WHEREAS, Peurala retained Alan Garber of The Garber Law Firm, P.C. as legal counsel and commenced an action against the Gazebo Defendants and SMG Property Management, Inc. ("SMG") in the United States District Court in the Northern District of Georgia, styled *Ronda Peurala v. Gazebo Park Apartments of Acworth, LLC, SMG Property Management, Inc., and M. Vincent Murphy, III*, Case No. 1:17-cv-00321-ELR ; and

WHEREAS, the Gazebo Defendants deny and continue to deny any and all liability to Peurala; and

WHEREAS, in the interest of time and expense, Peurala and the Gazebo Defendants desire to compromise, settle, and resolve all of their disputes;

NOW, THEREFORE, in consideration of the payment of monies and in further consideration of the promises, covenants, and releases hereinafter set forth, the receipt, adequacy and sufficiency of which are acknowledged, Peurala and the Gazebo Defendants agree as follows:

1.      **Release Of Claims**.  In exchange for the consideration described in Paragraph 4 below, Peurala hereby voluntarily, irrevocably, fully and completely RELEASES, ACQUITS AND FOREVER DISCHARGES the Gazebo Defendants, including all past and present owners, officers, directors, managers, agents, employees, divisions, affiliated entities, parents, subsidiaries, joint ventures, agents, attorneys, benefit plans and plan administrators, successors and/or assigns, all of whom are referred to individually and collectively as "Releasees" throughout this Agreement, from any and all claims, causes of action, demands, liabilities, debts or damages (known or unknown) accrued as of the date of execution of this Agreement, including but not limited to any claims under the Fair Labor Standards Act ("FLSA"); claims of employment discrimination, harassment, retaliation or any other claims under state or local law or common laws; any claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (42 U.S.C. § 2000 et seq.); any claims under 42 U.S.C. § 1981; any claims under the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.) ("ADEA"); as amended by the Older Workers Benefit Protection Act ("OWBPA"); any claims, including a claim for failure to accommodate, under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) ("ADA"); any claims under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.) ("ERISA"); any claims under the Consolidated Omnibus Budget Reconciliation Act of

1985 ("COBRA"); any claims under the Family and Medical Leave Act ("FMLA"); any claims under the Equal Pay Act; any claims under the National Labor Relations Act ("NLRA"); any claims under the Labor Management Relations Act ("LMRA"); any claims under the Genetic Information Nondiscrimination Act of 2008 ("GINA"); any claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"); claims of negligent supervision, retention, and training; claims for lost or unpaid wages, commissions, overtime or other employee benefits; claims under state law for intentional infliction of emotional distress, pain, suffering or anxiety, negligence, outrageous conduct, invasion of privacy, harassment, retaliation, assault, battery, defamation, slander, wrongful or constructive discharge or any other actions arising in tort or contract; and any additional claims under state or federal law. This general release is to be broadly construed and expressly includes, but is not limited to, all claims that were asserted or could have been asserted by Peurala against the Gazebo Defendants arising out of her employment. Peurala acknowledges that she would not receive the consideration described in Paragraph 4 of this Agreement if she had not chosen to release and waive her rights under federal and state law. Additionally, Peurala acknowledges that this Agreement constitutes a full ACCORD AND SATISFACTION of all claims covered by the release provisions of this Paragraph.

   Peurala further agrees that she will not voluntarily become a member of any class of persons suing any Releasees to assert any claim that arose prior to the date she signs this Agreement and, to the extent she is an involuntary member of any such class, Peurala waives any recovery to which she might otherwise be entitled.

   Peurala and the Gazebo Defendants agree and acknowledge that this general release applies only to those claims Peurala has asserted or could assert against the Gazebo Defendants. This general release does not release any claims Peurala has against SMG nor does it in any way release claims the Gazebo Defendants and SMG may have against one another.

   **2.     Covenant Not To Sue.**  Peurala agrees, promises and covenants that she has not currently filed administrative charges or complaints against the Gazebo Defendants – other than the subject civil action – and that she will not file or cause or authorize to be filed any civil or criminal action or administrative complaint or charge with any state or federal court, administrative agency or governmental authority concerning any treatment, act, action, omission, comment, conduct or behavior of the Gazebo Defendants or any Releasees occurring prior to the date of execution of this Agreement, including any claim for attorneys' fees, and further agrees that she waives the right to recover any monetary award should either she, or anyone else authorized on her behalf, file a suit, charge, claim or action against the Gazebo Defendants with respect to her employment up to the date of execution of this Agreement. Unless permitted by federal law to do so, regardless of any agreement to the contrary, if Peurala violates her agreement contained herein and files a lawsuit based upon claims that are covered by the release provisions of Paragraph 1 of this Agreement, Peurala will pay for all costs, including all reasonable attorney's fees, incurred by the Gazebo Defendants or by any related or affiliated entities or by their officers, employees or representatives in connection therewith.

   **3.     Rights and Claims Excluded From Release.**  The Release of Claims in Paragraph 1 does not waive any claims that arise subsequent to the execution of this Agreement.

The Release of Claims in Paragraph 1 also does not waive any rights that cannot be waived by law, including Peurala's right to file a charge of discrimination with an administrative agency (such as the EEOC) and her right to participate in any agency investigation. Peurala is waiving, however, any right to recover money in connection with such a charge or investigation. Peurala also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state or federal agency.

    **4.**    **Consideration.** In exchange for the promises made by and in consideration for all the terms entered into by Peurala in this Agreement, the Gazebo Defendants agree to pay, within ten (10) business days of the Court's entry of an order approving this settlement and dismissing the Action with prejudice, the following:

(a) a check to Peurala in the amount of Two Thousand, Five Hundred Dollars and Zero Cents ($2,500.00), subject to normal payroll taxes, withholdings, and deductions. The Gazebo Defendants will issue an IRS Form W-2 to Peurala in connection with this payment;

(b) a check to Peurala in the amount of Two Thousand, Five Hundred Dollars and Zero Cents ($2,500.00) for non-wage damages, for which the Gazebo Defendants will issue to Peurala an IRS Form 1099; and

(c) a check to The Garber Law Firm, P.C. in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) as attorneys' fees, for which the Gazebo Defendants will issue to The Garber Law Firm, P.C. an IRS Form 1099 to reflect payment of this sum. The Garber Law Firm, P.C. will sign a Form W-9 and submit it to the Gazebo Defendants in order for the Gazebo Defendants to process this check. Peurala hereby certifies that the $5,000.00 to be paid to The Garber Law Firm, P.C. pursuant to this Agreement constitutes all of her attorneys' fees in their entirety and that she has not consulted with nor incurred any additional attorneys' fees with any other lawyer or law firm other than The Garber Law Firm, P.C.

    Peurala agrees to indemnify and hold the Gazebo Defendants harmless from any tax liability, penalty, interest, cost or expense they may incur for not withholding from certain payments made under this Paragraph, or future disputes and/or penalties assessed due to the allocation of these settlement funds.

    **5.**    **No Admission Of Liability.** It is understood and acknowledged by all parties that this is a settlement and compromise of disputed claims and is not and cannot be considered as an admission of liability or wrongdoing by any party hereto; to the contrary, it is understood and acknowledged that all parties expressly deny any liability to each other.

    **6.**    **Advice To Seek Counsel.** Peurala represents and warrants that she has been encouraged by The Gazebo Defendants to seek advice from anyone of her choosing, including her attorneys, accountant or tax advisor prior to his signing this Agreement; that this Agreement represents written notice that she does so; that she has been given the opportunity and sufficient time to seek such advice; that she has carefully read and fully understands all of the provisions of this Agreement; and that she is voluntarily entering into this Agreement.

7.      **Acceptance of Agreement.** Peurala and the Gazebo Defendants agree and understand that Peurala is entitled to take up to twenty-one (21) calendar days to consider the terms of this Agreement, although Peurala is free to sign the Agreement at any time during the 21-day consideration period. To accept this Agreement and to receive the settlement benefits provided for herein, Peurala must sign and return this Agreement within the 21-day consideration period to Sara J. Bass, counsel for the Gazebo Defendants, at 1372 Marion Street, Atlanta, GA 30315; email: sbass@fisherbroyles.com; telephone: (919) 423-8323. If the signed Agreement is not timely received by Ms. Bass during the 21-day consideration period, the offer contained in this Agreement shall expire and this Agreement shall be of no legal force or effect.

8.      **Revocation of Agreement.** Peurala understands that she may revoke this Agreement by notifying the Gazebo Defendants in writing of such revocation within seven (7) days after Peurala executes this Agreement and that this Agreement is not effective until the expiration of such seven (7) day period. Any revocation notice should be sent to Sara J. Bass, counsel for the Gazebo Defendants at 1372 Marion Street, Atlanta, GA 30315; email: sbass@fisherbroyles.com; telephone: (919) 423-8323. Peurala understands that upon the expiration of such seven (7) day period, this Agreement will be binding upon Peurala and her heirs, administrators, representatives, executors, and successors and will be irrevocable. Peurala acknowledges and agrees that, should Peurala fail or refuse to execute this Agreement, or should Peurala choose to revoke this Agreement, all obligations of the Gazebo Defendants including the obligation to provide payments and benefits to Employee as set forth herein, shall be entirely null, void and of no effect.

9.      **Severability.** The parties agree that the terms of this Agreement are contractual and not merely a recital. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the parties that only such portion will be affected and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

10.     **Miscellaneous.**

(a)   Scope of Agreement. This Agreement shall accrue to the benefit of and be binding upon the parties hereto, their respective successors, agents and permitted assigns, and as to Peurala, her spouse, heirs, legatees, administrators, and personal representatives. Peurala may not assign her rights or obligations under this Agreement without the prior written consent of the Gazebo Defendants.

(b)   Applicable Law. This Agreement shall be interpreted, enforced, construed, and governed under the laws of the State of Georgia.

(c)   Entire Agreement. This Agreement contains the entire agreement and understanding concerning the subject matter hereof between the parties hereto, superseding and replacing all prior negotiations, understandings, representations and agreements, written or oral. No modification, amendment, waiver, termination or discharge of this Agreement, or any of the terms or provisions

hereof, shall be binding upon either of the parties unless confirmed by a written instrument signed by both parties. No waiver by any party of any term or provision of this Agreement or of any default hereunder shall affect such party's rights thereafter to enforce such term or provision or to exercise any right or remedy in the event of any other default, whether or not similar.

(d)  Multiple Originals. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute the same Agreement. In addition, copies of this Agreement shall have the same force and effect as original documents.

(e)  Proper Construction. The language in all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties. As utilized in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other, whenever the context so indicates or requires. The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify, or otherwise be used in the interpretation of any of the provisions hereof.

**11.   Acknowledgment of Knowing and Voluntary Waiver.**

Peurala hereby represents and warrants that:

(a)  Peurala has CAREFULLY READ THIS AGREEMENT AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT;

(b)  Peurala has had an OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF HER CHOICE AS TO THE TERMS OF THIS AGREEMENT to the full extent that she desired before signing this Agreement;

(c)  Peurala understands that this Agreement FOREVER RELEASES THE GAZEBO DEFENDANTS from any legal action arising prior to the date of execution of this Agreement;

(d)  In signing this Agreement, PEURALA DOES NOT RELY ON NOR HAS SHE RELIED ON ANY REPRESENTATION OR STATEMENT (WRITTEN OR ORAL) NOT SPECIFICALLY SET FORTH IN THIS AGREEMENT by THE GAZEBO DEFENDANTS or by any of THE GAZEBO DEFENDANTS' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise;

(e)  Peurala was not coerced, threatened, or otherwise forced to sign this Agreement, and that Peurala is VOLUNTARILY SIGNING AND DELIVERING THIS AGREEMENT of her own free will; and

5

(f) Peurala understands that she has up to TWENTY-ONE (21) DAYS to consider the terms of this Agreement and has up to SEVEN DAYS to revoke the Agreement after execution.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT AND KNOW AND UNDERSTAND ITS CONTENTS AND THAT THEY EXECUTE IT AS THEIR FREE ACT AND DEED. THE UNDERSIGNED ACKNOWLEDGE THAT BY SIGNING THIS AGREEMENT THEY ARE GIVING UP RIGHTS THEY MAY HAVE. THE UNDERSIGNED UNDERSTAND THAT THEY DO NOT HAVE TO SIGN THIS AGREEMENT.**

The undersigned have signed and executed this Agreement on the dates set forth below as an expression of their intent to be bound by the foregoing terms of this Agreement.

This Agreement has been duly executed this 30 day of November 2017.

_____
Ronda Peurala

This Agreement has been duly executed this _____ day of November 2017.

GAZEBO APARTMENTS OF ACWORTH, LLC

BY: _____

TITLE: _____

This Agreement has been duly executed this _____ day of November 2017.

_____
M. Vincent Murphy, III

(f) Peurala understands that she has up to TWENTY-ONE (21) DAYS to consider the terms of this Agreement and has up to SEVEN DAYS to revoke the Agreement after execution.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT AND KNOW AND UNDERSTAND ITS CONTENTS AND THAT THEY EXECUTE IT AS THEIR FREE ACT AND DEED. THE UNDERSIGNED ACKNOWLEDGE THAT BY SIGNING THIS AGREEMENT THEY ARE GIVING UP RIGHTS THEY MAY HAVE. THE UNDERSIGNED UNDERSTAND THAT THEY DO NOT HAVE TO SIGN THIS AGREEMENT.**

The undersigned have signed and executed this Agreement on the dates set forth below as an expression of their intent to be bound by the foregoing terms of this Agreement.

This Agreement has been duly executed this _____ day of November 2017.

_____
Ronda Peurala

This Agreement has been duly executed this 28 day of November 2017.

GAZEBO APARTMENTS OF ACWORTH, LLC

BY: _Alysia Wilson_

TITLE: Managing Member

This Agreement has been duly executed this 28 day of November 2017.

_____
M. Vincent Murphy, III

6